# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| LESLIE M. JORDAN, | * | |
| Petitioner, | * | |
| v. | * | CASE NO. 4:07-CV-182 CDL |
| WARDEN, STEWART DETENTION CENTER, | * | 28 U.S.C. § 2241 |
| | | Habeas Corpus Petition |
| | * | |
| Respondent. | | |
| | * | |

## REPORT AND RECOMMENDATION

Before the Court is Respondents' Motion to Dismiss, filed in this case on April 7, 2008. (R-17). Petitioner was notified of the Motion to Dismiss and Ordered to respond, but failed to do so. (R-5).

## LEGAL STANDARD

The standard for a Motion to Dismiss was altered by the United State Supreme Court case of *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). The decision in *Bell Atlantic* overturned the fifty year old test of "no set of facts" established in *Conley v. Gibson*, 127 S.Ct. 1969 (1957); in so holding, the Supreme Court characterized that test as an "observation [that] has earned its retirement." *Bell Atlantic*, 127 S.Ct. At 1969. The Court of Appeals for the Eleventh Circuit addressed the new standard in *Financial Sec. Assur., Inc. V. Stephens, Inc.*, stating:

> In order for a Petitioner to satisfy his "obligation to provide the grounds of entitlement to relief," he must allege more than

> "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. V. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (May 21, 2007) (citations and quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S.Ct. At 1966-67. Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of the claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir., Unit A Sept. 8, 1981).

500 F.3d 1276, 1282-83 (11th Cir. 2007). In ruling on a motion to dismiss for failure to state a claim, the analysis "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1368 (11th Cir. 1997). The Court must "constru[e] the complaint in the light most favorable to the Petitioner and accept [] as true all facts which the Petitioner alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). Nevertheless, if a complaint does not include sufficient factual allegations "to raise a right of relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the [Petitioner's] claim or claims, then the complaint must be dismissed. *Watts v. Fla. Int'l Univ,* 495 F.3d 1289, 1295-96 (11th Cir. 2007); citing *Bell Atlantic Corp.*, 127 S.Ct. at 1965.

## DISCUSSION

In his application, Petitioner challenges the legality of his detention. (R-1). The

pleadings reveal that prior to the filing of his application for federal habeas relief, Petitioner reserved appeal and subsequently filed a timely appeal of his removal order with the Board of Immigration Appeals on December 26, 2007. (R-17-2). On March 12, 2008, the Board of Immigration Appeals affirmed the immigration Judge's Order of Deportation. *Id.* In their Motion to Dismiss, Respondents aver that Petitioner, therefore, was not subject to a Final Order of Removal at the time his petition was filed. (R-18).

## APPLICATION OF THE LAW

Petitioner's detention by the INS pending removal from the United States is governed by section 241(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a). Under this provision, the Attorney General is afforded a ninety-day period to accomplish the alien's removal from the United States following the entry of a final order of deportation or removal, or, if the alien is confined, the date the alien is released from confinement.[1] See INA § 241(a)(1)(A)-(B), 8 U.S.C. § 1231(a)(1)(A)-(B). During the 90-day period, Congress has mandated detention of the alien ordered removed. See INA § 241(a)(2), 8 U.S.C. § 1231(a)(2).

Under 8 U.S.C. § 1231(a)(1)(B)(i), Petitioner's ninety (90) day removal period began on March 12, 2008, the date his removal order became administratively final. Therefore,

---

[1] 8 U.S.C. § 1231(a)(1)(B) provides:
The removal period begins on the latest of the following:
(i) The date the order of removal becomes administratively final.
(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

3

detention is mandatory until at least June 10, 2008, and Petitioner cannot be afforded any relief. Furthermore, the Eleventh Circuit in *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002), held that the six-month Zadvydas period "must have expired at the time Akinwale's § 2241 petition was filed in order to state a claim." *Akinwale*, 287 F.3d at 1052. Thus, the petition in this case fails to state a claim upon which relief can be granted and should be dismissed.

WHEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss be GRANTED and Petitioner's Application for writ of habeas corpus be DISMISSED without prejudicing Jordan's right to file a new § 2241 petition in the future if a change in circumstances enable Petitioner to state a claim upon which habeas relief can be granted. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 3rd day of June, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc